**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4528

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JEREMY CLINE,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington. Richard E. Myers, II, Chief District Judge. (7:20-cr-00074-M-3)

Submitted: April 26, 2022                    Decided: April 28, 2022

Before AGEE and THACKER, Circuit Judges, and FLOYD, Senior Circuit Judge.

Dismissed in part, affirmed in part by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Eric Joseph Brignac, Chief Appellate Attorney, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremy Cline pled guilty, pursuant to a written plea agreement, to conspiracy to possess with the intent to distribute and distribution of 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A), 846, and possession with intent to distribute 50 grams or more of a mixture or substance containing a detectable amount of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2. The district court imposed a 288-month sentence, which was below the Sentencing Guidelines range of 360 months to life imprisonment. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning whether Cline's sentence is substantively reasonable. Cline did not file a pro se supplemental brief despite notice of his right to do so. The Government moves to dismiss this appeal as barred by the appellate waiver contained in Cline's plea agreement. For the following reasons, we dismiss in part and affirm in part.

Appellate counsel questions the reasonableness of Cline's sentence in light of the penalties of the quantities of methamphetamines involved under U.S. Sentencing Guidelines Manual § 2D1.1 (2018) and offense conduct fueled by Cline's near lifelong drug addiction and related mental health issues. Where, as here, the Government seeks to enforce an appellate waiver and the defendant has not alleged a breach of the plea agreement, we will enforce the waiver if it is valid and the issue raised on appeal falls within the waiver's scope. *United States v. Dillard*, 891 F.3d 151, 156 (4th Cir. 2018). Cline does not contest that he knowingly and intelligently waived his right to appeal, *see*

*United States v. Manigan*, 592 F.3d 621, 627 (4th Cir. 2010), and our de novo review of the plea hearing leads us to conclude that Cline's guilty plea was knowing and voluntary, and the waiver is valid and enforceable. *See United States v. Cohen*, 888 F.3d 667, 678 (4th Cir. 2018) (stating standard of review). Moreover, Cline's challenge to the reasonableness of his sentence falls squarely within the waiver's scope.

Accordingly, we grant in part the Government's motion to dismiss and dismiss Cline's appeal of his sentence, and we affirm the district court's judgment in all other respects. In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal that fall outside the scope of the waiver. This court requires that counsel inform Cline, in writing, of the right to petition the Supreme Court of the United States for further review. If Cline requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Cline.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*